UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIRANDA D. A.[1], <br><br> Plaintiff, <br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, <br><br> Defendant. | Case No.  2:22-cv-00436-CWD <br><br> **MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Plaintiff Miranda A. brings this action under the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner).  The Commissioner denied Plaintiff's application for Disability Insurance Benefits under Title II of the Act. 42 U.S.C. § 401 *et seq.*  Following the Court's consideration of the Complaint (Dkt. 1), [2] the administrative record and the parties' submissions, and for the reasons that follow, the decision of the Commissioner will be affirmed.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] As of December 1, 2022, the Federal Rules of Civil Procedure were amended to include Supplemental Rules for Social Security Review Actions under 42 U.S.C. § 405(g).  As such, the Court adopts the terms "Complaint," "Plaintiff," and "Defendant," in lieu of the former terminology (i.e., "Petition," "Petitioner," and "Respondent").

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have the power to enter … a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  The Court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).  The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion."  *Martinez v. Heckler*, 907 F.2d 771, 772 (9th Cir. 1986).  "Where the evidence as a whole can support either a grant or denial, [the court] may not substitute [its] judgment for the ALJ's."  *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation").  "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence."  *Orn v. Astrue*, 495 F.3d. 625, 630 (9th Cir. 2007) (quotation omitted).

## BACKGROUND

### I.    Plaintiff's Application

Plaintiff alleges disability based on her Hashimoto's disease, back issues, bone spurs, depression, anxiety, thyroid issues, and migraines.  AR 255.[3]  At the time of her alleged onset date of June 1, 2017, Plaintiff was 40 years of age.  AR 27, 37.  She has a high school education and no past relevant work experience.  AR 31.

Plaintiff protectively applied for Disability Insurance Benefits ("DIB") on July 1, 2019, alleging an onset date of January 1, 2019.[4]  AR 19.  Her application was denied initially on November 22, 2019, and on reconsideration on June 16, 2020.  *Id.*  Plaintiff next requested a hearing, which was conducted on July 19, 2021, before Administrative Law Judge ("ALJ") Jesse Shumway.  AR 19, 33.  Plaintiff appeared and testified at the hearing, represented by counsel; a vocational expert ("VE"), William Weiss, also testified.  AR 46-78.  On August 3, 2021, the ALJ issued a decision denying Plaintiff's application.  AR 19-33.  Plaintiff requested Appeals Council review, which was denied on August 22, 2022.  AR 1-9.  Plaintiff timely sought review before the Court.

### II.    Sequential Disability Process

The initial burden of proof rests upon the claimant to establish disability.  *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, the claimant must

---

[3] Citations to "AR" are to the Administrative Record. (Dkt. 13.)
[4] At the hearing, Plaintiff amended her alleged onset date from January 1, 2019, to June 1, 2017. AR 19, 49.

demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected… to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At the step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 414.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(c).  A severe impairment is one "which significantly limits [the claimant's] physical and mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the claimant is not disabled.  *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges as severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds.  *Yuckert*, 482 U.S. at 141.  At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still

perform on a regular and continuing basis, despite any limitations their impairment impose.  20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c).

At step four, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant can work, they are not disabled; if they cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert,* 482 U.S. at 146 n. 5.

Finally, at step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy.  *Id.* at 142; 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

## III.    The ALJ's Decision

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after her alleged onset date of June 1, 2017.  AR 21.  Therefore, the ALJ continued with the sequential process.  *Id.*

At step two, the ALJ determined that Plaintiff has the following severe impairments: "obesity, mild degenerative joint disease in the lumbar spine and hips, fibromyalgia, Hashimoto's thyroiditis, generalized anxiety disorder, panic disorder, post-traumatic stress disorder (PTSD), and depressive disorder."  AR 21.

At step three, the ALJ determined that Plaintiff's impairments do not meet or medically equal the severity of a listed impairment.  AR 22-24.  The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff:

> [H]as the residual functional capacity to perform a full range of light work
> as defined in 20 CFR 404.1567(b) with the following exceptions: she could
> never crawl or climb ladders, ropes or scaffolds; she could occasionally
> perform all other postural activities; she could have no exposure to hazards,
> such as unprotected heights and moving mechanical parts; she was limited
> to simple, routine, repetitive tasks; she could have only occasion,
> superficial contact with the public, coworkers, and supervisors; and she
> required a routine, predictable work environmental with no more than
> occasional changes.

AR 24.

At step four, the ALJ found that Plaintiff does not have past relevant work.  AR 31.

But at step five—considering Plaintiff's age, education, work experience, and RFC—the ALJ found that a significant number of jobs exist in the national economy that Plaintiff can perform, including work as an agricultural sorter, a basket filler, or a garment sorter.  AR 32.  In the alternative, even if Plaintiff is limited to sedentary level work, the ALJ found that a significant number of jobs exist in the national economy that Plaintiff can perform, including work as a table worker, semi-conductor bonder, surveillance system monitor, and loader.  AR 32.  The ALJ concluded Plaintiff is not disabled.  AR 33.

## DISCUSSION

Plaintiff raises only one issue on appeal, arguing that the ALJ improperly applied the special technique for evaluating mental impairments.  The Commissioner contends that the ALJ properly applied the special technique set forth in 20 C.F.R. § 404.1520a.

The Court finds that the ALJ did not commit legal error.  As more fully explained below, the decision of the Commissioner will be affirmed.

I.      **The ALJ properly applied the special technique set forth in 20 C.F.R. § 404.1520a[5] in evaluating Plaintiff's mental impairments.**

        a.   Legal Standards

Step three requires the ALJ to evaluate whether the claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R., Part 404, Subpart P, App. 1.  *See* C.F.R. §§ 404.1520(a)(4)(iii), and (d); 20 C.F.R. § 404.1525; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The "special technique" set forth in 20 C.F.R. § 404.1520a is used by "adjudicators to assess an individual's limitations and restrictions from a mental impairment[ ] in categories identified in the 'paragraph B' and 'paragraph C' criteria of the adult mental disorders listings."  SSR 96–8p, 1996 WL 374184, at *4; *see also* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00 et seq.  The special technique requires the ALJ to determine whether the claimant has "a medically determinable mental impairment [ ]," 20 C.F.R. § 404.1520a(b)(1), and if so, to "rate the degree of functional limitation resulting from the impairment[ ]" in four broad functional areas: (1) understand, apply, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself.  *Id.* §

---

[5] Plaintiff argues that the ALJ failed to properly apply the special technique set forth in Section 416.920a, which applies to supplemental security income (SSI) for the aged, blind, and disabled under Title XVI.  Section 404.1520a applies to the evaluation of mental impairments in claims for disability insurance benefits (DIB) under Title II.  Here, Plaintiff filed only a Title II application for DIB and declined filing a Title XVI application for SSI.  *See* AR 19, 234, 401.  Therefore, the Court will analyze the petition under the regulations applicable to Title II (i.e., Section 404.1520a).

404.1520a(b)(2), (c).  Further, the ALJ must document the application of the special

technique in the decision.  The regulations explicitly provide that the ALJ's decision

"must include a specific finding as to the degree of limitation in each of the [four]

functional areas."  *Id.* § 404.1520a(e)(2).

     b.  <u>Analysis</u>

Here, the ALJ found Plaintiff's generalized anxiety disorder, panic disorder, post-

traumatic stress disorder (PTSD), and depressive disorder were severe impairments at

step two, in addition to other physical impairments.  AR 21.  At step three, the ALJ

concluded that these mental impairments did not meet or equal a listed impairment,

because Plaintiff was only moderately limited in each of the four areas of mental

functioning.  AR 23.  In rating the degree of limitation in each of the four functional

areas, the ALJ relied on the psychological assessment conducted by Gerald Gardner,

Ph.D., on October 17, 2019.  AR 23, 549-54.  During the psychological assessment, Dr.

Gardner found that Plaintiff's "intelligence appear[ed] approximately low average," and

that she could "understand and remember simple instructions and procedures."  AR 554.

He further opined that, although Plaintiff's "working memory was somewhat below

average," her "[i]ntellectual and adaptive functioning appeared to be above the level of

intellectual disability."  AR 554.  He also found that Plaintiff was "able to carry out

superficial task[-]related interactions" and "present[ed] as socially appropriate, well-

groomed, and generally well-spoken."  AR 554.  Dr. Gardner found that Plaintiff was

"largely able to adjust to simple task[-]related issues."  AR 554.  Further, Dr. Gardner

opined that, although Plaintiff has "somewhat below average intellect and cognition," she "[was] able to carry out simple tasks." AR 554.

In understanding, remembering or applying information, the ALJ found that Plaintiff had a moderate limitation. AR 23. The ALJ relied on and specifically referenced Dr. Gardner's psychological assessment conducted on October 17, 2019. AR 23. The ALJ based the finding of "moderate limitation" on Dr. Gardner's opinion that Plaintiff's thought processes were organized with no indication of formal thought disorder, and that her memory for personal history seemed to be intact. AR 23 (citing AR 552.)

In interacting with others, the ALJ found that Plaintiff had a moderate limitation. The ALJ again relied on Dr. Gardner's opinion that Plaintiff was cooperative with good eye contact and normal speech and language, and that her psychomotor behavior was normal. AR 23 (citing AR 552.)

In concentrating, persisting or maintaining pace, the ALJ found that Plaintiff had a moderate limitation. The ALJ again relied on Dr. Gardner's opinion that Plaintiff attended adequately to the interview. AR 23 (citing AR 553.) Specifically, the ALJ relied on Plaintiff only making one slight error in subtracting serial threes from twenty, and spelling the word "world" as "WROLD" and spelled it backwards as "DLORW" during the assessment. AR 23 (citing AR 553.)

In adapting or managing oneself, the ALJ found that Plaintiff had a moderate limitation. The ALJ once again relied on Dr. Gardner's opinion that Plaintiff presented

with what seemed to be good grooming and hygiene, and that her insight seemed fair.
AR 23 (citing AR 552.)

First, in challenging the ALJ's findings, Plaintiff contends that the ALJ should not have relied on the psychological assessment completed by Dr. Gardner, because the medical consultant found the narrative provided in the assessment "incomplete and inadequate." (Dkt. 15 at 6-7.) For this contention, Plaintiff cites a form completed by Rudolph Warren, M.D., on November 1, 2019. AR 555-56. Dr. Warren reviewed the mental residual functional capacity assessment completed by Mack Stephenson, Ph.D., on October 25, 2019, as well as offered narrative descriptions of Plaintiff's abilities in the four broad functional areas. AR 555-56. Dr. Warren found that, in the areas of "understanding and memory; sustain concentration and persistence; social interaction; adaptation[,]" the "narrative [provided by Dr. Stephenson] is incomplete or inadequate." AR 555.

Here, Plaintiff presumes incorrectly that the assessment to which Dr. Warren was referring was Dr. Gardner's, and that the ALJ should not have relied on Dr. Gardner's opinion given the deficiencies Dr. Warren identified. (Dkt. 15 at 6-7.) However, as the Commissioner accurately points out, Dr. Warren was discussing an assessment completed by Dr. Stephenson on October 25, 2019, whereas Dr. Gardner completed his assessment on October 17, 2019. AR 555, 549. Because the ALJ did not translate any of the medical information from Dr. Stephenson's assessment when applying the special technique, there was no legal error as alleged by Plaintiff in this regard.

Plaintiff also argues that the ALJ's interpretation of an opinion from Michael

Dennis, Ph.D, was actually referring to Dr. Warren's opinion and did not accurately

describe it.  (Dkt. 15 at 8.)  However, Plaintiff confused Exhibit 6A, Dr. Dennis' opinion,

for Exhibit 6F, Dr. Warren's opinion.  AR 139-42, 555-56.  As the ALJ noted, Dr. Dennis

found that Plaintiff could "understand and remember simple one and two step

commands." AR 139.  And that Dr. Dennis found that Plaintiff would be "capable of

simple repetitive work activity" and "be best suited for simple, repetitive, and non-public

work." AR 140. The ALJ accurately described both Dr. Dennis's opinion and Dr.

Warren's opinion.[6]  AR 31.  Therefore, Plaintiff's mistaken reading of the ALJ's decision

fails to establish that the ALJ committed legal error.

Aside from her mistaken interpretation of the record, Plaintiff also contends that

Dr. Gardner failed to comply with § 404.1520(c)(4), because he did not identify, discuss,

and rate the degree of limitation of Plaintiff's mental impairments.  (Dkt. 15 at 5.)

However, as the Commissioner argues, there is no authority requiring Dr. Gardner to do

so under § 404.1520a(c)(4).  Rather, the regulation states that the special technique

described in § 404.1520a requires the ALJ to assess Plaintiff's limitations and restrictions

from mental impairments in categories identified in the "paragraph B" and "paragraph C"

criteria of the adult mental disorders listings.  SSR 96–8p, 1996 WL 374184, at *4.  The

---

[6] In the decision, the ALJ noted that, in his review of Plaintiff's medical record, Dr. Warren found Plaintiff "had the ability to understand and remember simple instructions; [Plaintiff] had the ability to attend and concentrate for periods of two hours as was required in the workplace; [Plaintiff] had the ability to interact appropriately with peers and supervisors; [and, Plaintiff] had the ability to adapt to normal workplace changes." AR 31.

**MEMORANDUM DECISION AND ORDER - 11**

ALJ did this in his decision.  AR 23.  Therefore, because Dr. Gardner was not required to conduct the assessment and ratings completed by the ALJ, the alleged failure of Dr. Gardner to employ the language of the regulations in his assessment cannot constitute legal error by the ALJ.

Despite the regulation requiring only the ALJ to assess Plaintiff's limitations and restrictions arising from severe mental impairments, Plaintiff argues that the ALJ erred in relying on Dr. Gardner's assessment in finding that Plaintiff had only moderate limitations in each of the four functional areas.  However, nothing precluded the ALJ from, as Plaintiff acknowledges, "tak[ing] the information provided by the psychologist" and using that as an evidentiary basis for making the findings required under the special technique set forth in § 404.1520a.  In fact, the ALJ is "responsible for translating and incorporating" medical documentation into specific findings.  *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015); *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (affirming where an ALJ translated an opinion into "concrete restrictions").  Here, the ALJ reasonably translated and incorporated the opinions from Dr. Gardner's assessment into findings of moderate limitations in each of the four functional areas.  Therefore, there is no legal error in the ALJ's application of the "special technique" under § 404.1520a.

## CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, the Court will affirm the Commissioner's decision.

**MEMORANDUM DECISION AND ORDER - 12**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that:

1) The decision of the Commissioner of Social Security is AFFIRMED; and

2) Judgment shall be ENTERED consistent with the above in favor of Defendant.

DATED: August 29, 2023

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 13**